THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA VANDERWOUDE,<br><br>                Plaintiff,<br>   v.<br>SAFEWAY INC.,<br><br>                Defendant. | CASE NO. C21-0626-JCC<br><br>ORDER |

       Before the Court is Defendant Safeway Inc.'s motion for reconsideration (Dkt. No. 22) of the Court's order denying its summary judgment motion (Dkt. No. 21). Having thoroughly considered Safeway's motion and the relevant record, the Court hereby DENIES the motion for reconsideration for the reasons described below.

       Local Civil Rule 7(h) cautions that "[m]otions for reconsideration are disfavored. The [C]ourt will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or . . . of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civ. R. 7(h)(1). The standard under Federal Rule of Civil Procedure 59(e) is much the same. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (relief is available if necessary to (1) prevent manifest errors of law or fact on which the judgment rests; (2) present newly discovered or previously unavailable evidence; (3) prevent manifest injustice; or (4) account for an intervening change in controlling law).

ORDER
C21-0626-JCC
PAGE - 1

1  Safeway argues that the Court's summary judgment order fails to address Safeway's
2  argument that there was no dangerous condition at its store that caused Plaintiff's injury, as
3  needed to establish a premises liability claim. (Dkt. No. 22 at 2–3.) Safeway then repeats the
4  same facts—the walkway outside the store was covered, there was carpet immediately inside the
5  door, and so on—that it already presented, and that the Court considered, in denying summary
6  judgment. (*See id.* at 3–6.)

7  As the Court explained before, there *was* evidence from which a reasonable trier of fact
8  could determine that there was a dangerous condition on Safeway's property: Plaintiff presented
9  evidence that "the floor was highly polished; [and] conditions that day were wet, snowy, or
10 slushy." (Dkt. No. 21 at 6.) The Court also explained that the quality of the video freezeframes
11 submitted as evidence leaves open to interpretation whether the tile was wet. (*Id.*) Safeway
12 objects that, "there are limitations in the parties['] ability to present evidence of the video to the
13 court because the ECF system does not permit the filing of video," and if the Court had just seen
14 the video itself—as had the witnesses whose statements Safeway submitted—then it would be
15 "obvious" that the facts on which Safeway relies are undisputed. (Dkt. No. 22 at 7–8.)

16 This argument fails for two main reasons. First, by asserting that its version of the facts
17 would be obvious from a video not submitted to the Court, Safeway concedes that the asserted
18 lack of any dispute was *not* obvious from the evidence it actually submitted. Safeway was free to
19 submit video evidence by filing via ECF a Notice of Filing of Paper or Physical Materials with
20 the Clerk, following the Court's electronic filing procedures, and then delivering the physical
21 media (thumb drive, DVD, etc.) to the Court. *See* Filing a Non-PDF Item,
22 https://www.wawd.uscourts.gov/sites/wawd/files/Filing_a_Non_PDF_item.pdf.

23 Second, even if the floor where Plaintiff slipped was completely clean (which is not clear
24 from Safeway's evidence), Safeway could still be liable. Plaintiff presented evidence that the
25 parking lot had not been cleared of snow; other patrons had tracked water onto the carpet,
26 leaving it very wet; the floor was highly polished; and the usual warnings had not been posted.

ORDER
C21-0626-JCC
PAGE - 2

(Dkt. No. 21 at 1–2, 7 (citing evidence).) If Safeway failed to adequately clear the parking lot or dry the carpet, knew the floor could be slippery when wet, and did not post warnings, that could potentially support liability under Washington law. *See Johnson v. Liquor & Cannabis Bd.*, 486 P.3d 125, 134–35 (Wash. 2021) (suggesting that water tracked into a store by customers could, if proven, constitute an unreasonably dangerous condition); *Iwai v. State Emp't Sec. Dep't*, 915 P.2d 1089, 1094 (Wash. 1996) (holding that landowners have a duty to protect store patrons from hazards presented by natural accumulations of snow and ice); *Musci v. Graoch Assocs. Ltd. P'ship No. 12*, 31 P.3d 684, 687–88 (Wash. 2001) (recognizing that reasonable may require a landowner to warn invitees of a dangerous condition).

The Washington Supreme Court in *Johnson* allowed that "it could be *reasonably foreseeable* that the floor *could* become unreasonably dangerous though being wet and slippery, but, at the same time, there might *not* be proof that the floor *was* unreasonably dangerous in *a particular instance.*" *Johnson*, 486 P.3d at 134 (emphasis original). Based on the summary judgment record presented to the Court, Plaintiff presented proof from which a trier of fact could find that there was a dangerous condition from which Safeway failed to protect her or about which it failed to warn her. Accordingly, Safeway's motion for reconsideration (Dkt. No. 126) is DENIED.

DATED this 6th day of January 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE